USCA1 Opinion

 

 April 21, 1994 [NOT FOR PUBLICATION] [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _________________________ Nos. 93-2038 93-2039 NEW ENGLAND INDUSTRIES, INC., Petitioner, v. OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION, ET AL., Respondents. _________________________ PETITIONS FOR REVIEW OF AN ORDER OF THE OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION _________________________ Before Selya, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ _________________________ Rosemary Healey, with whom Edwards & Angell was on brief, _______________ _________________ for petitioner. Terri DeLeon, Attorney, with whom Thomas S. Williamson, Jr., ____________ _________________________ Solicitor of Labor, Joseph M. Woodward, Associate Solicitor, and ___________________ Ann Rosenthal, Counsel, were on brief, for respondents. _____________ _________________________ _________________________ Per Curiam. In 1991, petitioner New England Per Curiam. ____________ Industries, Inc. (NEI), a jewelry manufacturer operating a factory in Providence, Rhode Island, received citations from the Occupational Safety and Health Administration (OSHA) alleging violations of some twenty occupational safety and health standards. These citations became final orders of the Occupational Safety and Health Review Commission (OSHRC) pursuant to a settlement entered into between NEI and the government. Under the terms of this settlement, NEI agreed, inter alia, to _____ ____ abate and correct the cited violations by specific dates in 1991. By the start of 1992, OSHA still had not received verification that NEI had completed the agreed corrections. Thus, it conducted a follow-up inspection on January 23, 1992. This inspection resulted in the issuance, on February 13, 1992, of citations alleging failures to abate five of the earlier cited violations, as well as some new citations for so-called "repeat violations." NEI contested the citations. On December 18, 1992, the Secretary of Labor moved for summary judgment with regard to six of the alleged violations (some from each group). NEI did not oppose the initiative, and an Administrative Law Judge (ALJ) granted summary judgment on January 11, 1993. On January 20, a hearing was held on the remaining three violations. The ALJ thereafter wrote a decision finding that the remaining violations had occurred, affirming all nine citations, and assessing penalties as proposed by the Secretary. OSHRC declined review, and the decision became a final order. This proceeding followed. 2 We have carefully reviewed the record and the appellate briefs. We find that, for the most part, the arguments that petitioner seeks to raise in this court were not seasonably presented to the ALJ and are, therefore, not properly before us.1 See 29 U.S.C. 660(a); see also Eagle Eye Fishing Corp. ___ ___ ____ ________________________ v. United States Dep't of Commerce, No. 93-1740, slip op. at 5-6 _______________________________ (1st Cir. March 17, 1994) (discussing doctrine of administrative waiver). As we have stated, "[i]n the usual administrative law case, a court ought not to consider points which were not seasonably raised before the agency." Massachusetts Dep't of _______________________ Pub. Welfare v. Secretary of Agric., 984 F.2d 514, 523 (1st _____________ ____________________ Cir.), cert. denied, 114 S. Ct. 81 (1993). Nothing about the _____ ______ instant case removes it from the sweep of the general rule. We need go no further. Apart from issues that have been procedurally defaulted, petitioner raises no fairly debatable issues of either law or fact. Consequently, we summarily dismiss the petitions for review, see 1st Cir. R.27.1, ___ and direct enforcement of the challenged order. The petitions for review are denied and dismissed, and The petitions for review are denied and dismissed, and _______________________________________________________ the orders appealed from will be enforced. Costs to respondents. the orders appealed from will be enforced. Costs to respondents. _________________________________________ ____________________ ____________________ 1One aspect of this broad waiver results from petitioner's neglect to oppose the Secretary's motion for partial summary judgment. We often have warned that, in the summary judgment context, "the decision to sit idly by and allow the summary judgment proponent to configure the record is likely to prove fraught with consequence." Kelly v. United States, 924 F.2d 355, _____ _____________ 358 (1st Cir. 1991). So it is here. 3